IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA JONES, et al.,           )
                               )
            Plaintiffs,        )
                               )
     v.                        )        No.  12 C 5452
                               )
CHICAGO HOUSING AUTHORITY,     )
et al.,                        )
                               )
            Defendants.        )

MEMORANDUM

Donna Jones ("Jones") and Maletta McConnell ("McConnell")

have brought a Complaint against the Chicago Housing Authority

("CHA"), as well as (1) a company--CVR Associates, Inc.--with

which CHA has contracted for services in connection with CHA

Housing and (2) two individuals, complaining of having been

terminated from CHA's rent subsidy program.  In material part

Jones and McConnell have sought preliminary injunctive relief to

undo both those terminations and the consequent eviction

proceedings that stemmed from their inability to pay rent.

From the outset this Court has expressed doubt as to the

viability of plaintiffs' claims under the auspices of 42 U.S.C.

§1983 ("Section 1983").[1]  As chance would have it, our Court of

Appeals has just issued an opinion in Park v. Ind. Univ. Sch. of

_____

[1] Although plaintiffs' counsel also seeks to invoke the
protection of the United States Housing Act, 42 U.S.C. §1437, he
has not provided support for the existence of a private right of
action that would support plaintiffs' claims.  This Court remains
open to that possibility, however.

<u>Dentistry</u>, Nos. 11-1933 and 11-2109, 2012 WL 3758239, at *3 (7th Cir. Aug. 30)) that reconfirms the principle "that the federal Constitution's due process clause does not protect an interest in other process," quoting this language from <u>Olim v. Wakinekona</u>, 461 U.S. 238, 250 (1983):

> Process is not an end in itself.  The State may choose to require procedures...but in making that choice the state does not create an independent substantive right.

This is not a matter of requiring a party to exhaust state remedies before turning to the federal courts under the auspices of Section 1983.  Instead the notion is that Section 1983 comes into play only when a deprivation of state property rights takes place <u>without due process of law</u>.  To put the matter in its most frequently framed terms, when a claimed deprivation of a property interest is in issue, the state law provision of a pre-deprivation hearing comports with due process.

In this instance the guaranteed pre-deprivation hearing is administrative in nature, and this Court would be much surprised if the state system did not also provide a form of judicial review to address any flaws in the administrative handling.  This memorandum is being issued to alert the parties (once again, for this Court addressed the subject orally at the most recent hearing) to provide input on that score at the next status

hearing on September 6.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 31, 2012